1   James M. Braden (State Bar No. 102397)
    Pamela J. Sieux (State Bar No. 201102)
2   Law Offices of James M. Braden
    44 Montgomery Street, Suite 1210
3   San Francisco, CA 94104
    Telephone: (415) 398-6865
4   Facsimile: (415) 788-5605

5   Attorneys for Plaintiff
    PT. UNITED CHEMICALS INTER ANEKA
6

7

8   Roderick M. Thompson (State Bar No. 96192)
    Sandra A. Kearney (State Bar No. 154578)
    Sarah F. Peterman (State Bar No. 227082)
9   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
10  San Francisco, CA 94104
    Telephone: (415) 954-4400
11  Facsimile: (415) 954-4480

12  Attorneys for Defendant
    AMERICAN GILSONITE COMPANY
13

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                         SAN FRANCISCO DIVISION

18

| | |
|---|---|
| PT. UNITED CHEMICALS INTER ANEKA, a corporation of the Republic of Indonesia,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GILSONITE COMPANY, an Oklahoma corporation,<br><br>Defendant. | Case No. C 07 2340 JSW<br><br>**STIPULATED PROTECTIVE ORDER** |

   IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff PT. UNITED CHEMICALS INTER ANEKA and Defendant AMERICAN GILSONITE COMPANY, by and through their counsel of record, as follows:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

22151\1262495.4

## 1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties (as defined below) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 11, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS.

2.1 <u>Party or Parties</u>: Plaintiff PT. United Chemicals Inter Aneka and/or Defendant American Gilsonite Company, including all of their respective officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information</u>: Items, tangible things or information (regardless of how generated, stored or maintained) that qualify for protection under standards developed under F.R.Civ.P. 26(c), and/or that otherwise qualify for protection under law.

2.4 <u>"Highly Confidential" Information</u>: Extremely sensitive items, tangible things or information (regardless of how generated, stored or maintained) whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 1 -

22151\1262495.4

2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: A Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential."

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material designated as "Confidential" or "Highly Confidential."

2.9 <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are counsel of record in this action.

2.10 <u>House Counsel</u>: Attorneys who are employees of a Party, or who are not employees, but who are retained counsel.

**3. SCOPE.**

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside or House Counsel to or in Court or in other settings that might reveal Protected Material.

**4. DURATION.**

Even after the termination of the above-captioned litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL.**

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 2 -

22151\1262495.4

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential" or "Highly Confidential" at the top of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential. After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must affix the appropriate legend "Confidential" or "Highly Confidential" at the top of each page that contains Protected Material before producing said material.

(b) <u>for testimony</u>, the Party or non-party offering or sponsoring the testimony must identify on the record, before the close of the proceeding in which the testimony is offered, all protected testimony, and further specify any portions of the testimony that are Confidential or Highly Confidential. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record a right to have up to 20 days to identify the specific portions of the testimony that are Confidential or Highly Confidential. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, the Producing Party must affix on the container in which the information or item is stored the legend "Confidential" or "Highly Confidential."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 3 -

22151\1262495.4

5.2     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential or Highly Confidential after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 4 -

22151\1262495.4

forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL.**

   7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in Sections 7.2 and 7.3 of this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12.

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2  <u>Disclosure of Protected Material That is Designated as "Confidential."</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" ("Confidential Protected Material") only to the following:

   (a)  the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the Confidential Protected Material for this litigation;

   (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure of the Confidential Protected Material is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 5 -

22151\1262495.4

   (c) experts of the Receiving Party to whom disclosure of the Confidential Protected Material is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

   (d) the Court and its personnel;

   (e) court reporters, their staffs, and professional vendors to whom disclosure of the Confidential Protected Material is reasonably necessary for this litigation;

   (f) during their depositions, witnesses in the action to whom disclosure of the Confidential Protected Material is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A); and

   (g) the author of the document or the original source of the information.

  7.3 <u>Disclosure of Protected Material that is Designated as "Highly Confidential."</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" ("Highly Confidential Protected Material") only to the following:

   (a) the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the Highly Confidential Protected Material for this litigation;

   (b) experts to whom disclosure of the Highly Confidential Protected Material is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) the Court and its personnel;

   (d) court reporters, their staffs, and professional vendors to whom disclosure of the Highly Confidential Protected Material is reasonably necessary for this litigation; and

   (e) the author of the document or the original source of the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 6 -

22151\1262495.4

Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10. **"ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER."**

Any and all "Acknowledgment(s) and Agreement(s) to Be Bound by Protective Order" ("Acknowledgment(s)") that are executed in furtherance of this Order are to be maintained and held by the Party that sought to provide the Protected Material to the signatories of the respective Acknowledgments.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 7 -

22151\1262495.4

Except as provided in F.R.Civ.P. 26(b)(4)(B), a Party need not disclose the identity of experts whom a Party does not expect to call as witnesses at trial, and, therefore, absent a court order, a Party need not provide copies of Acknowledgments that are executed by such non-testifying expert witnesses to any other Party. However, after the Parties have disclosed the identities of their experts who are intended to testify at trial, a Party may conduct discovery concerning the identity of testifying experts who are signatories of Acknowledgments maintained and held by any other Party, and upon request, a Party shall provide copies of these executed Acknowledgments to any other Party without a court order.

As to all other signatories of Acknowledgments maintained and held by any other Party (including, but not limited to, employees, officers, and directors of a Party), a Party may conduct discovery concerning the identity of such other signatories at any time, and upon request, a Party shall provide copies of these executed Acknowledgments to any other Party without a court order.

### 11. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 12. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 8 -

22151\1262495.4

abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

**13. MISCELLANEOUS.**

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future, or to seek greater protection for especially sensitive Disclosure or Discovery Material, or any other appropriate relief.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Amendment of Order</u>. This Order may be amended without leave of the Court by agreement of the Parties in the form of a stipulation filed with the Court.

IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.

//
//
//
//
//
//
//
//
//
//

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 9 -

22151\1262495.4

1   Concurrence in filing this document was obtained from James M. Braden, Plaintiff's
2   counsel, in compliance with General Order Number 45, Section X. I hereby attest I have on file
3   all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this
4   e-filed document.

5

6   Dated: June 7, 2007                             FARELLA BRAUN & MARTEL LLP

7

8                                                  By: /S/
                                                       Sarah F. Peterman
9
                                                   Attorneys for Defendant
10                                                 AMERICAN GILSONITE COMPANY

11  Dated: June 7, 2007                            LAW OFFICES OF JAMES M. BRADEN

12

13                                                 By: /S/
                                                       James M. Braden
14
                                                   Attorneys for Plaintiff
15                                                 PT. UNITED CHEMICALS INTER
                                                   ANEKA
16

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW
- 10 -
22151\1262495.4

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __June 11__, 2007

_____
Jeffrey S. White
United States District Judge

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER
Case No. C 07 2340 JSW

- 11 -

22151\1262495.4